**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PURCELL BRONSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 3:04-CV-1899 |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| C.O. LEEDON, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Presently before the Court are Plaintiffs' Motion for Class Action Status (Doc. 110), Motion to Compel Discovery (Doc. 115) and Motion to Leave to File a Supplemental Complaint (Doc. 17).  The Court will address each motion in turn.

**1.      Class Action Status**

On August 23, 2004, Purcell Bronson and Leon Harris commenced a section 1983 action.  (Doc. 1.)  Plaintiffs are inmates at the State Correctional Institution at Camp Hill. In this motion, Plaintiffs seek to join "numerous prisoners who have been confined and are confined, to the SMU (Special Management Unit), who were assault[ ], starved, starved to death, and killed by SMU guards" ("Class").  (Doc.121 at 1.)

Under Federal Rules of Civil Procedure 23, a class action can only be certifed once all four of the following requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  In evaluating the ability of the class representatives to "fairly and adequately protect the interests of the class" under FED. R. CIV. P. 23(a)(4), the Court must determine that the interests of the named plaintiffs are sufficiently aligned with those of the absentees and that the class counsel is qualified.  *Georgine v. Amchem Prods.*, 83 F.3d 610, 630 (3d Cir. 1996),

*aff'd by Amchem,* 521 U.S. 591.

Pro se plaintiffs without any legal training are generally not permitted to represent a class.  *Owens v. Horn*, No. 02-0356, at 2 (M.D. Pa. May 17, 2004) (citing *Nilsson v. Coughlin*, 670 F. Supp. 1186, 1191 (S.D.N.Y. 1987); *Jeffery v. Malcolm*, 353 F. Supp. 395, 397 (S.D.N.Y. 1973); *Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1208 (E.D. Va. 1983), *aff'd without op.*, 742 F.2d 1448 (4th Cir. 1984); and *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983)).   Plaintiffs Bronson and Harris seek to represent the Class.  The Court is concerned with the ability of the named Plaintiffs in providing adequate legal representation to the interests of the proposed Class.  The Court has spoken on this matter previously:

> Although Plaintiff has demonstrated a willingness to pursue his claims to the best of his abilities given his limited resources and lack of formal legal training, a class action lawsuit is not a simple matter to pursue.  Given that the outcome of a class action is binding on the entire class, not just the lead plaintiff, I am not prepared to say that Plaintiff is legally qualified to represent the interests of an entire class.

*Owens,* No.02-0356, at 3 (*citing Owen v. Horn,* No. 02-0356 (M.D. Pa. Oct. 11, 2002)).

Plaintiffs have failed to satisfy the requirements of FED. R. CIV. P. 23(a)(4).  Therefore, Plaintiffs' Motion for Class Action Status (Doc.110) will be denied.

**2.    Discovery**

Plaintiffs filed this motion asking the Court to compel Defendants to answer Plaintiffs' requests for production of documents, interrogatories and admissions. (Doc. 115.) Plaintiffs specifically contend that Defendants have failed to respond to their second set of request for documents, fourth request for admission and second set of request for interrogatories.

(Doc. 116 at 1.)  These are the same requests addressed in Plaintiffs' previous motion to compel discovery (Doc. 58), which was addressed by Magistrate Judge J. Andrew Smyser on September 26, 2005.  (Doc.103 at 11-13.)  In that Order, the Magistrate Judge denied Plaintiffs' motion as being prematurely filed.  (*Id.* at 13.)

According to Defendants brief in opposition to Plaintiffs' previous motion to compel, they had until July 23, 2005 to respond to Plaintiffs' second set of requests for documents and fourth request for admission.  (Doc. 70-1 at 2.)  They also had until August 11, 2005 to respond to Plaintiffs' second set of requests for [interrogatories].  (*Id.*)  As of the date of this opinion, Defendants have not responded to Plaintiffs requests.

Plaintiffs, however, have failed to file, as part of their motion, "a statement certifying that counsel has conferred with counsel for the opposing party in good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached."  M.D. Pa. LR 26.3.

Therefore, Plaintiff's Motion to Compel Discovery (Doc. 115) will be denied.

## 3.    Supplemental Complaint

Plaintiffs filed this motion seeking to file a supplemental complaint.  (Doc. 117.) Without leave of the Court, Plaintiffs filed their Supplemental Complaint.  (Doc. 118.)  In their brief in support of this motion, Plaintiffs assert that Defendants have falsely stated that Defendant Martin no longer works in the SMU.  (Doc. 119 at 1.)  In the Supplemental Complaint, Plaintiff Bronson alleges that on certain dates in July, August and September of 2005, Defendant Martin made derogatory remarks and deprived Bronson of food.  (Doc. 118 at ¶ 1,2,4.)

Under Federal Rules of Civil Procedure 15(d), "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time.  *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir. 1979).

A motion for leave to file a supplemental pleading is left "to the sound discretion of the trial court and should be freely granted when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action."  *Bates v. Western Elec.*, 420 F. Supp. 521, 525 (E.D. Pa. 1976) (citing WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 1504 at 542-43).  This is particularly true in cases where the supplemental pleading will cause no delay in the trial of the case nor prejudice the other party in any way.  *Id.*  Hence, unless the court find "undue delay, bad faith or dilatory motive on the part of the movant or undue prejudice to the opposing party an appropriate exercise of a court's discretion should result in affording a plaintiff the opportunity to test its claim on the merits."  *Medeva Pharma LTD. v. American Home Prod.,* No. 00-396, 2001 U.S. Dist. LEXIS 14305, at *5 (citation omitted).

The act of filing repetitive complaints alleging virtually identical causes of action can be considered to be malicious.  *Bronson v. Horn,* No. 02-663, 2006 U.S. Dist. LEXIS 38791,

at * 6 (W.D. Pa. June 12, 2006).   The allegations made in Plaintiffs' Supplemental Complaint, that Defendant Martin made derogatory remarks and deprived Plaintiff Bronson of food  (Doc. 118 at ¶ 1,2,4),  are similar to the original allegations in the Complaint, against the same Defendant (Doc. 1 at  ¶ 9, 10).

Therefore, Plaintiffs' Motion for Leave to File a Supplemental Complaint (Doc. 117) will be denied.

An appropriate Order follows.

| | |
|---|---|
| July 24, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON, et al.,      :
                                 :
    Plaintiffs,             :
                                 :    CIVIL ACTION NO. 3:04-CV-1899
        v.               :
                                 :    (JUDGE CAPUTO)
C.O. LEEDON, et al.,         :
                                 :
    Defendants.         :

**ORDER**

**NOW**, this 24th of July, 2006, **IT IS HEREBY ORDERED that**:

1)    Plaintiff's Motion for Motion for Class Action Status (Doc. 111) is **DENIED**;

4)    Plaintiff's Motion to Compel Discovery (Doc. 115) is **DENIED**; and

5)    Plaintiff's Motion to Leave to File a Supplemental Complaint (Doc. 117) is

**DENIED**.

                       /s/ A. Richard Caputo
                       A. Richard Caputo
                       United States District Judge